UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

In re )  Case No. BKS-06-12768-LBR
_____ )
CHARLES E. MCCLELLAN, ) Chapter 7
 )
 ) Date: June 7, 2007
 ) Time: 9:30 a.m.
 )
_____ )

## ORDER DENYING MOTION TO DISMISS

The issue presented in this case is how to calculate the United States Trustee's deadline to file a statement of presumed abuse under 11 U.S.C. § 704(b)(1)(A). Does the 10-day deadline run from the first date set for the § 341 creditors' meeting, notwithstanding that the meeting is continued, and then ultimately concluded, on a different date? This court holds that it does, and that the time fixed to file a statement of presumed abuse under 11 U.S.C. § 704(b)(1)(A) is keyed to the first date set for the § 341 creditors' meeting, regardless of when it is concluded.

The debtor filed a chapter 7 petition on October 3, 2006. The § 341 creditors' meeting was scheduled for November 9, 2006, and was continued to November 20, 2006 and December 15, 2006. The creditors' meeting was ultimately concluded on January 10, 2007.

Seven days after the conclusion of the § 341 creditors' meeting, on January 17, 2007, the United States Trustee filed a "Statement of Presumed Abuse" pursuant to 11 U.S.C. § 704(b)(1)(A) advising that he had determined that the debtor's case was presumed to be an abuse under 11 U.S.C. § 707(b). A discharge was entered in the case on February 6, 2007. Thereafter, on February 15, 2007, the trustee filed a motion to dismiss.

The Trustee argues that the deadline to file a statement of presumed abuse under 11 U.S.C. § 704(b)(1)(A) begins to run upon the conclusion of the § 341 creditors' meeting, which in this case was January 10, 2007, and not the first date set for the meeting, which was November

1

9, 2006. This court disagrees.

A trustee's deadline for filing a statement of presumed abuse is governed by 11 U.S.C. § 704(b)(1) which provides, in pertinent part:

> With respect to a debtor who is an individual in a case under this chapter–
>
> (A) the United States trustee (or the bankruptcy administrator, if any) shall review all materials filed by the debtor and, not later than 10 days after ***the date of the first meeting of creditors***, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under section 707(b).

(Emphasis added.)

In construing a statute, a court begins with the bedrock principle that where a statute's language is clear, no further inquiry is necessary, unless applying the plain language leads to an absurd result. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004)(citations omitted).

The language of 11 U.S.C. § 704(b)(1)(A) is plain. It states the trustee has "10 days after the *date of* the first meeting of creditors." (Emphasis added.) The natural reading of *"date of"* is that one date is contemplated as the triggering date - not a floating or continued date - and thus the first date set for the meeting is the operative date. Otherwise, the date by which to measure a trustee's deadline for presumed abuse statements would be a fluctuating one, making it impossible to calculate the deadline with any certainty. Yet another bedrock principle of statutory construction is that "interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982).

The date of the § 341 creditors' meeting is identified in Official Form B9A, which is titled "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines." This notice is sent to all creditors and to the debtor early in the case. Using the date in this notice as the triggering date, which is the date when the creditors' meeting is first set, gives all parties in the case the certainty they need to measure the trustee's deadline with precision. *See also, In re*

2

*Close*, 353 B.R. 915 (Bankr. D. Kan. 2006)(plain reading of § 704(b)(1)(A) refers to first meeting date "and not some later date.").[1]

The Trustee contends that using any operative date other than the conclusion of the § 341 creditors' meeting will place strenuous time burdens on the United States Trustee's Office. He says that by measuring the deadline from the date the meeting is first set could require him to file statements of presumed abuse before he might be fully informed of a debtor's financial situation.

But if the deadline were to begin upon the conclusion of the § 341 creditors' meeting as the Trustee urges, and not upon the first date set, then motions to dismiss could be filed *after* a discharge has been entered. This is just what happened in this case, and is undoubtedly the kind of absurd result that is best avoided by rejecting the trustee's interpretation.

Using the first date set for the § 341 meeting as the operative date furthers the interests of all of the participants in a bankruptcy case. It keeps the trustee in diligent prosecution of abuse cases, and casts off as quickly as possible those cases which should not proceed because of abuse. It also resolves for creditors, as quickly as possible, the fundamental issue of whether or not the debtor's case will be going forward. And as for debtors, it furthers the important, long-standing, fresh start policy goals of bankruptcy relief by "allowing the debtor to enjoy finality and certainty of relief from financial distress as quickly as possible." *In re Waldner*, 183 B.R. 879, 881 (9th Cir. B.A.P. 1995)(construing the relatively short limitations period in FED. R. BANKR. P. 4007(c)). While this court sympathizes with the Trustee's desire to have as much time as possible to review a debtor's case for abuse, the court believes that triggering the deadline from the first date set for the § 341 meeting best harmonizes the interests of all the participants in the case.

The phrase "after the date of the first meeting of creditors" appears in another section of the Bankruptcy Code where deadlines are imposed early in a case. 11 U.S.C. § 521(a)(6), a new

---

[1] The court in *In re Close*, 353 B.R. 915, 918 (Bankr. D. Kan. 2006) further reasoned that because the panel trustees who preside over the § 341 meetings can effectively hold the meetings open for months by adjourning them, "[a] statutory deadline should not be extended or held captive so informally based on the panel trustee's unilateral decision."

1  subsection enacted concurrently with 11 U.S.C. § 704(b) as part of BAPCPA[2], provides that
2  debtors have 45 days after "the first meeting of creditors" to either enter into a reaffirmation
3  agreement or redeem the property. If debtors fail to meet this 45-day requirement, the automatic
4  stay terminates. In this context, as in 11 U.S.C. § 704(b)(1)(A), fixed, relatively short deadlines
5  further the prompt administration of the estate and the fresh start goals of bankruptcy.

6      The Trustee argues that the Code and Rules recognize that a trustee needs time to
7  evaluate a case for presumed abuse, and therefore provide a trustee with a different deadline
8  scheme. He points out that Interim Rule 1017(e)(1) says the following:

> ***Except as otherwise provided in § 704(b)(2),*** a motion to dismiss a case for abuse under § 707(b) or (c) may be filed only within 60 days after the ***first date set*** for the meeting of creditors under § 341(a).

(Emphasis added.)

13      But a trustee's exclusion from the deadline in Interim Rule 1017 doesn't necessarily mean
14  that the trustee is provided more time than others to file a motion to dismiss.[3] It is possible that a
15  trustee's deadline, even if calculated from the date the meeting is concluded, would come before
16  the 60-day deadline of another under Interim Rule 1017. Furthermore, the "except as otherwise
17  provided in § 704(b)(2)" language in Interim Rule 1017(e)(1) doesn't mean that the phrases "date
18  of the first meeting of creditors" in § 704(b)(1) and "first date set for the meeting" in Interim
19  Rule 1017 are not equivalent. The Committee Note to Interim Rule 1017(e)(1) explains that
20  Interim Rule is a "conforming amendment" designed to "preserve the time limits already in place
21  for § 707(b) [abuse] motions, except to the extent that § 704(b)(2) sets the deadline for the
22  United States trustee to act." The note explains that Interim Rule 1017(e)(1) is designed to
23  implement the 2005 BAPCPA revisions to the Code. The court finds it more likely than not that

---

[2] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005).

[3] Interim Rule 1017(e), unlike FED. R. BANKR. P. 1017, does not limit the parties who may file a motion to dismiss under § 707(b).

4

the phrase "first date set" in Interim Rule 1017 was meant to parallel "date of the first meeting" in § 704(b)(1)(A), especially since the concluding date may not provide a trustee with more time than others to review a case. This court holds that the "date of the first meeting of creditors," at least in the context of 11 U.S.C. § 704(b)(1)(A), is synonymous with the phrase "date first set for the first meeting of creditors," or with the phrase "first date set for the meeting of creditors," all of which are used in Interim Rule 1017 and elsewhere in the Bankruptcy Code and Rules.[4]

The Trustee argues that if Congress had intended the deadline to run from the date first set for the meeting, it would have used those specific words, like they are employed in FED. R. BANKR. P. 4004(a) and FED. R. BANKR. P. 4007.[5] But this court finds the converse to more likely be true. If Congress had intended the triggering date under § 704 (b)(1)(A) to be the conclusion, and not the commencement, of the § 341 meeting, then it could have said so by using the phrase "after the conclusion of the § 341 creditors' meeting," as used elsewhere in the Bankruptcy Code. For example, FED. R. BANKR. P. 4003(b) states, in pertinent part, "[a] party in interest may file an objection . . . within 30 days after the meeting of creditors under § 341(a) is *concluded* . . . ." (Emphasis added.)

The context here is dismissal. Given the need for certainty with deadlines and for the prompt administration of bankruptcy estates, this court holds that the 10-day deadline for the Trustee's presumed abuse statement ran from the date the creditors' meeting was first set, as announced in the Form B9A notice. The Trustee's statement of presumed abuse was filed 69

---

[4] See, e.g.; 11 U.S.C. § 521(e)(2)(A)(i), FED. R. BANKR. P. 4004(a), and FED. R. BANKR. P. 4007(c). The trustee cites three cases, including one from the Ninth Circuit Bankruptcy Appellate Panel, for his argument that "date of the first meeting of creditors" and "first date set" are not synonymous. None of these cases, however, construe the phrase "date of the first meeting of creditors" within the context of the newly enacted 11 U.S.C. § 704(b)(1)(A).

[5] The trustee cites *In re Sloan,* No. 06-11490-WV (Bankr. W.D. Okla. Feb. 6, 2007), an unpublished, out-of-circuit case, which holds that the deadline for presumed abuse statements runs from the date the § 341 meeting is concluded, otherwise Congress would have used the words "first date set."

5

days after the date of the first meeting of creditors. It is therefore time-barred. Accordingly, the motion to dismiss is denied.

**IT IS SO ORDERED.**

Copies noticed through BNC to:
BELINDA DELVALLE COLON
286 STURGEON LN. #102
LAS VEGAS, NV 89110

CARLOS ALBERTO CRUZ DELGADO
286 STURGEON LN. #102
LAS VEGAS, NV 89110

STAN PACK
CHAPTER 7 TRUSTEE
P.O. BOX 620834
LAS VEGAS, NV 89162